[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was instituted by Paramount Vending, Inc. (hereinafter Paramount) and Alan D'Auria individually against Joanne D'Auria. The parties agreed however, that the claims asserted belong solely to the corporate plaintiff.
The complaint is in two counts. In the first count Paramount claims that the defendant, through her agents, servants and employees sold property of Paramount and converted it to her own use. Paramount also alleges that the defendant "leased property owned by Paramount and collected the rents therefrom converting same to her own use."
In the second count of the complaint Paramount alleges that the defendant breached her fiduciary duty to Paramount in that she sold goods belonging to Paramount for her account. Paramount claims that as a result of that breach of duty Paramount suffered a loss of income and that the value of the business has been substantially lessened.
The evidence produced by Paramount at the trial, in the court's view, was insufficient to establish the allegations that the defendant leased property owned by Paramount and collected the rents therefrom and converted the same to her own use. Certainly, no evidence was adduced from which the court could determine the amount of any money which the defendant converted to her own use through the collection of proceeds from vending machines owned by Paramount.
Paramount, however, asks for an accounting. Actions for an accounting are set forth in C.G.S. § 52-401 et seq. The only evidence produced by the plaintiff to the effect that the defendant received any sums collected from Paramount's machines was the defendant's own testimony that there were times that money was turned over to her by her son which was used for household purposes. These were instances when Alan D'Auria was either incarcerated or otherwise unavailable as a result of drug abuse. CT Page 3192
There was no evidence produced as to when or where these events took place or the amount of money involved. It also must be remembered that the defendant and Alan D'Auria were husband and wife and that Alan D'Auria was the sole stockholder of Paramount.
It is the opinion of the court that such evidence is not sufficient to warrant the equitable relief that a judgment of accounting affords. Based upon the evidence produced an accounting would be an impossible task for anyone appointed for that purpose.
The plaintiff also claims that the defendant sold and converted to her own use, certain items of personal property owned by it. The evidence establishes that the defendant sold to Mike D'Addona a pool table, a juke box, and a counter-top game.
The issue is, however, whether the plaintiff or the defendant was the owner of that equipment. Alan D'Auria testified that it belonged to Paramount whereas the defendant disputes that claim. Alan D'Auria has produced no corporate records of any sort to support his claim.
The court does not believe that Alan D'Auria's testimony, without corroboration of some sort, is insufficient to satisfy the burden of proof as to the ownership of the equipment in question.
As to the second count of the complaint, the plaintiff has produced nothing which would create a fiduciary relationship between the defendant and Paramount.
The defendant makes the claim that the issues in this case have been previously resolved in a dissolution action between Alan and Joanne D'Auria. In light of the above, the court does not reach that issue.
Judgment may enter for the defendant.
Thompson, J CT Page 3193